UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH PINKELA,<br><br>               Plaintiff,<br><br>-against-<br><br>PETE HEGSETH, in his official capacity as Secretary of Defense; MARK AVERILL, in his official capacity as Acting Secretary of the Army; and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>               Defendants. | 24-CV-7853 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

    Plaintiff Kenneth Pinkela sues the Secretary of Defense, the Secretary of the Army, and the Department of Defense for judicial review of the 2012 court-martial proceedings during which he was convicted of assaulting a fellow servicemember. *See* Dkt. 1. He requests that this Court declare his court martial, sentence, and dismissal from the Army unconstitutional and award him associated relief, including promotion to Colonel, back pay and benefits, economic damages, and expungement of the conviction. *Id.* ¶ 211. Defendants move to dismiss, arguing principally that Pinkela's claim is time-barred. *See* Dkt. 25. For the following reasons, the motion to dismiss is GRANTED.

## BACKGROUND

    In February 2012, Pinkela was charged with multiple violations of the Uniform Code of Military Justice, including assaulting a fellow servicemember and engaging in sexual conduct while knowing that he was HIV positive. Dkt. 1 ¶¶ 124–25. Pinkela was arraigned in April 2012 when his Article 39(a) court martial session was convened, and trial began on June 21, 2012. *Id.* ¶¶ 127–28. During the trial, the court-martial trier of fact, Colonel Hargis, denied three defense motions: first, for a transcript of the Army's March 2012 investigation hearing, at which a complainant testified; second, to call two expert witnesses or for a one-month adjournment to allow the experts to review the case; and third, to present evidence of a complainant's struggles with mental health and prior sexual history. *Id.* ¶¶ 128–46. Colonel Hargis found Pinkela guilty on June 30, 2012 and sentenced him to one year of incarceration followed by a less-than-honorable discharge from the Army. *Id.* ¶¶ 161–62. This outcome was accompanied by significant collateral consequences, including loss of retirement pay and cessation of pay and leave accrual. *Id.* ¶¶ 163–64. Pinkela served 272 days at Fort Leavenworth and then was released. *Id.* ¶ 165.

In February 2023, Pinkela applied to the Army Board for the Correction of Military Records (ABCMR) for a correction of his military record, seeking "some of the same relief sought in this action." *Id.* ¶ 175. On May 5, 2025, the ABCMR denied Pinkela's application. *See* Dkt. 29-1. The parties informed the Court that Pinkela would not seek to amend his complaint in light of this denial. *See* Dkt. 29.

## LEGAL STANDARDS

"To survive a [12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

While defendants raise both jurisdictional and merits arguments in their motion to dismiss, the alleged jurisdictional defects are not constitutional in nature, and so the Court may proceed to the merits. *See Butcher v. Wendt*, 975 F.3d 236, 242 (2d Cir. 2020). 28 U.S.C. § 2401(a) states that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." In the Second Circuit, this is a "claims-processing rule rather than a jurisdictional bar." *Desuze v. Ammon*, 990 F.3d 264, 270 (2d Cir. 2021). "[A] statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Conn. Gen. Life. Ins. Co. v. Biohealth Labs., Inc.*, 988 F.3d 127, 131–32 (2d Cir. 2021) (citation omitted). "When that is the case, the plaintiff has the burden to plead the elements of exceptions to the statute of limitations to meet the plausibility standard," and "[e]quitable tolling is one such exception." *Simmons v. Reich*, 2021 WL 5023354, at *1 (2d Cir. Oct. 29, 2021) (citing *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 320–21 (2d Cir. 2021) and *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015)).

Defendants say that § 2401(a) applies to Pinkela's claims, citing cases enforcing a six-year statute of limitations to cases challenging discharge, *see Walters v. Sec'y of Def.*, 725 F.2d 107, 114 (D.C. Cir. 1983), and court-martial convictions, *see, e.g.*, *Kendall v. Army Bd. for Corr. of Mil. Recs.*, 996 F.2d 362, 365–66 (D.C. Cir. 1993). Because Pinkela's discharge was finalized in June 2016 and this case was filed on October 16, 2024, defendants argue that the limitations period has lapsed, and there is no "extraordinary situation" that justifies tolling it. Dkt. 25 at 8–9.

Pinkela appears to concede that 28 U.S.C. § 2401(a) applies to his claims, and that in the absence of any basis for tolling, the claims would be time-barred. He raises three bases for tolling: 1) "newly discovered evidence" of "judicial . . . and . . . prosecutorial misconduct," 2) "recent changes in [Department of Defense] policy and law respecting the adverse treatment of service members" with HIV, and 3) "the Government's inaction on [Pinkela's] ABCMR application," which "tolls and restarts the clock on any § 2401 limitations." Dkt. 27 at 5. The Court addresses each of Pinkela's arguments in turn.

First, Pinkela says there was "stark judicial misconduct recently uncovered," citing to paragraphs 132–42 of the complaint, and "prosecutorial misconduct," citing to paragraphs 147–49 of the complaint. Dkt. 27 at 2. The alleged judicial misconduct is that Colonel Hargis refused a defense request to call two expert witnesses to opine on HIV testing, diagnosis, and treatment, or in the alternative to impose a one-month delay in proceedings. Dkt. 1 ¶ 132. Because of Hargis's decision, Pinkela was "denied the opportunity to present expert evidence that he could not even be the source of [the complainant's] HIV infection." *Id.* ¶ 140. This was misconduct on Hargis's part, Pinkela argues, because "Hargis's own questioning . . . reflected his awareness" of the importance of the expert testimony and because Hargis had been present at an earlier trial in another case in which the same experts were allowed to testify. *Id.* ¶ 141. The alleged prosecutorial misconduct was that "the [G]overnment . . . sought to bring . . . additional charges [related to a complainant named Elliot Henney] based on a 'law clerk's testimony' . . . about what this law clerk had overheard" during an interview and based on fabricated information. *Id.* ¶¶ 148, 171. Hargis later dismissed those charges, discounting the law clerk's testimony. *Id.* ¶¶ 148–49.

"A statute of limitations may be equitably tolled as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights, that is, in a situation where a plaintiff could show that it would have been *impossible* for a reasonably prudent person to learn about his or her cause of action." *Desuze*, 990 F.3d at 271 (cleaned up); *see also Bertin v. United States*, 478 F.3d 489, 494 n.3 (2d Cir. 2007) ("Equitable tolling applies only in the rare and exceptional circumstance." (citation omitted)). The burden falls squarely on the plaintiff. *See A.Q.C. v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) ("[A] litigant seeking equitable tolling bears the burden."). Nowhere in Pinkela's complaint or motion-to-dismiss briefing does he explain how the supposed judicial or prosecutorial misconduct was newly discovered, much less that it would have been "impossible" for him to know about his claim before he learned of new information. As the Government points out, the bases for Pinkela's suit, such as Hargis's refusal to allow two defense expert witnesses to testify, were "known to him at the time of the court[]-martial." Dkt. 25 at 9 (citation omitted); *see also* Dkt. 28 at 4–5. Pinkela did attach a December 5, 2022 affidavit by Henney to his complaint, in which Henney states that prosecutors lied to him and coached him to elicit specific testimony. *See* Dkt. 1-2. But as Pinkela admits, the charges "referenced by Henney . . . were the 'additional charges' dismissed at the beginning of [the] court martial." Dkt. 1 ¶ 171. These charges were not the basis for his conviction. Pinkela also says in his complaint that he relied on Henney's allegations of fabrication during his initial appeal of the court-martial, *id.* ¶¶ 170–71, and the appeal process concluded by April 2016. Dkt. 25 at 1. So Pinkela knew about the alleged prosecutorial misconduct (which, again, was tied to dismissed charges) more than six years before he filed this case. Pinkela hasn't made the necessary showing that it was "impossible" to "learn about his . . . cause of action" such that the statute of limitations should be equitably tolled. Nor has he shown that he was "prevented in some extraordinary way" from exercising his rights.

Second, Pinkela argues that "recent changes in DoD policy and law respecting the adverse treatment of service members based on . . .the criminalization of[] HIV status" is a "changed

3

circumstance[]" that justifies tolling the statute of limitations. Dkt. 27 at 5. "[U]nder DoD policy as it exists today," Pinkela says, he "would not be punished, nor could he be discharged . . . based on his HIV infection status." Dkt. 1 ¶ 8. But Pinkela doesn't cite any case for the proposition that a change in executive-branch policy unrelated to his cause of action restarts the limitations period. In addition, Pinkela's complaint alleges that the version of DoD policy that was enforced against him "lacked statutory authority and was unconstitutional" at the time of his court-martial. *Id.* While the change in policy "might . . . strengthen[] [his] claims, the core elements . . . were already known to" him, and the Second Circuit "reject[s] the . . . suggestion that the accrual of an already viable claim is delayed each time new and helpful facts emerge." *Desuze*, 990 F.3d at 271 (emphasis removed).

Third, Pinkela points to the "ABCMR's inexcusable inaction" as to his application and the ABCMR's "inaccurate and false explanation for its unreasonable delay." Dkt. 27 at 2. Pinkela submitted his application to the ABCMR on February 3, 2023. *Id.* at 3. The ABCMR responded on May 17, 2023, allowing Pinkela to provide more information. *Id.* Pinkela submitted supplemental information on June 16, 2023 and December 15, 2023. *Id.* And the ABCMR decided Pinkela's application on May 5, 2025. Dkt. 29. To argue that the ABCMR's delay justifies tolling the limitations period, Pinkela relies primarily on *Green v. White*, 319 F.3d 560 (3d Cir. 2003). He says the case stands for the proposition that "[w]hen the ABCMR re-opens a veteran's case—and a veteran brings forth new evidence, or changed circumstances . . . any six-year statute of limitations under 28 U.S.C. § 2401 are restarted." Dkt. 27 at 4. But *Green* involved a challenge to an ABCMR decision, and as the Government points out, its holding is limited to the "effect of motions for reconsideration [of ABCMR decisions] on the § 2401(a) six-year time bar." 319 F.3d at 565. Here, Pinkela isn't suing to contest the ABCMR's recent decision. So *Green* is inapposite. It says nothing about whether an ABCMR application tolls the statute of limitations in a case that isn't challenging the ABCMR's decision (let alone inaction).

None of Pinkela's other cited cases, all from outside this Circuit, supports his view. He claims that "[c]ourts . . . have determined that government agency inaction, even after just six months, permits federal suit when seeking agency review is precedent to filing federal suit." Dkt. 27 at 6. Every case Pinkela cites concerns a tort claim under the Federal Tort Claims Act subject to 28 U.S.C. § 2675(a)'s command that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section." *See, e.g.*, *Taumby v. United States*, 919 F.2d 69 (8th Cir. 1990); *McCallister v. United States*, 925 F.2d 841 (5th Cir. 1991), *Arigo v. United States*, 980 F.2d 1159 (8th Cir. 1992); *Mack v. U.S. Postal Serv.*, 414 F. Supp. 504 (E.D. Mich. 1976); *Parker v. United States*, 935 F.2d 176 (9th Cir. 1991); *Reo v. U.S. Postal Serv.*, 98 F.3d 73 (3d Cir. 1996). Pinkela doesn't make any effort to explain why a statutory definition limited to federal tort claims would apply here. So the ABCMR's timeline in deciding Pinkela's application isn't a reason to toll the statute of limitations here, especially where Pinkela isn't challenging the ABCMR's decision.

4

## CONCLUSION

The motion to dismiss is GRANTED, the complaint is DISMISSED WITHOUT PREJUDICE, and the Clerk of Court is respectfully directed to terminate Dkt. 24. Even though Pinkela previously declined to amend his complaint to challenge the ABCMR's recent decision, the Court will permit him one last opportunity to do so, given that defendants appear to agree that a challenge to the agency's decision could be viable. Dkt. 28 at 4 n.3. If Pinkela wishes to amend his complaint to challenge the ABCMR's decision, he must file an amended complaint on or before **August 18, 2025**.

The Clerk of Court is respectfully requested to amend the case caption to reflect the confirmations of Pete Hegseth as the Secretary of Defense and Mark Averill as the Secretary of the Army. Dkt. 27 at 1 n.1.

SO ORDERED.

Dated: July 30, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge