UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH PINKELA,

Plaintiff,

-against-

PETE HEGSETH, in his official capacity as Secretary of Defense; MARK AVERILL, in his official capacity as Secretary of the Army; and the UNITED STATES DEPARTMENT OF DEFENSE,

Defendants.

24-CV-7853 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Kenneth Pinkela moves to "correct and supplement" the administrative record ("AR") in this case. Dkt. 54. The Court previously granted defendants' motion to dismiss on statute-of-limitations grounds, Dkt. 33, leading Pinkela to file a Second Amended Complaint bringing a single claim under the Administrative Procedure Act ("APA"). Pinkela's sole claim is that a recent decision by the Army Board for the Correction of Military Records ("ABCMR" or "the Board") denying vacatur of his court-martial conviction is arbitrary and capricious and contrary to law. While that APA claim is not time-barred, it has a much narrower scope than Pinkela's original claims. Pinkela's motion largely ignores these limitations and tries to turn his narrow APA claim into a vehicle for sweeping discovery. For the following reasons, Pinkela's motion is GRANTED IN PART and DENIED IN PART.

**I. Pinkela's request for an unredacted copy of the AR is DENIED**

The proposed AR defendants provided to Pinkela contains extensive redactions. Pinkela requests (1) "a fully unredacted version of the AR," and (2) "a version of the AR identifying those redactions which were imbedded [sic] in the documents prior to review by the ABCMR." Dkt. 56 at 11. The first request misunderstands the point of the AR, which is to capture the record *as the agency reviewed it*. *See Schicke v. Romney*, 474 F.2d 309, 315 (2d Cir. 1973) (APA review requires "the full administrative record which was before the agency and on which the agency determination was based"). The government does not need to dig up unredacted versions of every document in the 6,570-page AR if those redactions were already present when the agency conducted its review.

As for Pinkela's second request, the parties appear to agree that the AR should not contain any *additional* redactions added after the ABCMR's review, *e.g.*, "redactions applied by ABCMR counsel before turning over the AR" to Pinkela. Dkt. 65 at 3. The only dispute is whether the

proposed AR contains any such additional redactions. The government says that it has "already provided Plaintiff's counsel with . . . a copy of the AR that contains the version of documents in the possession of the ABCMR," and "[a]ny redactions in those documents were not applied by the ABCMR but were already present in the records when they were provided to the Board." Dkt. 61 at 13. The government has also submitted a declaration from ABCMR's counsel stating that the agency "did not make any redactions to any document that it received or reviewed in the adjudication of Plaintiff s application." Dkt. 62 ¶ 6. While Pinkela claims that defendants told him the opposite (*i.e.*, that some of the redactions were ones it added for purposes of docketing the AR in this case), Dkt. 65 at 2–3, the correspondence he cites does not back that up. *See* Dkt. 66-3 at 4 (Pinkela's counsel: "Do you know if those redactions were in the records that ABCMR reviewed in the first instance?"; Government's counsel: "I think that's the case but I've asked Army to confirm that."). So the Court will deny this request as moot. But, for the avoidance of doubt, if there *are* any redactions that were applied after the Board conducted its review, those should be removed from the AR.

As for the version of the AR that will be publicly docketed, the parties should meet and confer and docket the AR with any additional agreed-upon redactions.

## II. Pinkela's request to supplement the AR is GRANTED as to his June 16, 2023 submission and otherwise DENIED

Pinkela's second request is that various records be added to the AR. For several items Pinkela requests in his original motion (*e.g.*, two different "advisory opinions" the Board relied on), the government's opposition points to where the documents as already present in the AR. Dkt. 61 at 13–14. Pinkela's reply does not contest the government's representations as to any of these documents, so his motion as to these items is denied.

Pinkela also requests that the AR be supplemented to include all "literature or other materials" viewed by the ABCMR's medical advisor. Dkt. 56 at 13. According to the ABCMR's declaration, the Board "does not independently review an applicant's military medical records other than what the applicant submits or what may be contained in applicant's service record; instead, the Board relies on a medical advisor to access them . . . and render an advisory opinion." Dkt. 62 ¶ 7. So the AR here contains the medical advisor's opinion, as well as any medical records Pinkela submitted, but it does not contain everything the *advisor* viewed in compiling her opinion. Because Pinkela fails to show that these records were before the Board, this request is also denied. *See Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 309 (S.D.N.Y. 2012) ("It is not enough to show that these materials were somewhere within the agency, because interpreting the word 'before' so broadly as to encompass any potentially relevant document existing within the agency would render judicial review meaningless." (cleaned up)). The Court also denies Pinkela's catch-all request for "[a]ll materials discussed by the ABCMR," because Pinkela fails to identify the materials he is referring to with specificity. Dkt. 56 at 12.

Pinkela's final supplementation request—and the one he focuses on in his reply—is related to a June 16, 2023 submission he made to the ABCMR. *See* Dkt. 26-2. The parties seem to agree that

Pinkela made this submission in response to a request from the agency, which set a deadline for him to "submit comments" on an advisory opinion the Board would be considering. *Id.* at 9. Pinkela's deadline to submit a response was June 16, 2023. *See* Dkt. 62 ¶ 9; Dkt. 66-1 at 2. And Pinkela points to a copy of an email—on the same thread where he received an extension—submitting his response on that day. Dkt. 66-1. The government admits that Pinkela "purportedly submitted a timely response" to the correct person—Ms. Joyce Wright—but says that because she retired in early 2024, they don't have access to her emails anymore, so they can't confirm she received it. Dkt. 62 ¶ 9. Ms. Wright "does not recall" receiving it. *Id.* The government was also unable to locate a copy of the response in its physical files, *id.*, despite Pinkela's email stating that he was sending physical copies "by overnight delivery," Dkt. 66-1.

The government argues that the response should be omitted from the AR because "it is unlikely that the Board considered it." Dkt. 61 at 13–14. However, we don't know whether that's true. And to the extent the Board *didn't* consider this submission, that appears to be a mistake, since the agency requested a response and Pinkela submitted it by the deadline. The Court therefore finds that the June 16, 2023 submission either was considered by the Board or should have been. *Cf. Nat'l Audubon Soc. v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997) (noting that courts can review "extra-record" evidence "when there has been a strong showing in support of a claim of . . . improper behavior on the part of agency decisionmakers"). The Court will therefore grant Pinkela's request to add his June 16, 2023 supplement to the AR.

## III. Pinkela's request for extra-record discovery is DENIED

Finally, Pinkela asks the Court to authorize extensive discovery, including for medical and mental health records regarding Pinkela's accuser, blood samples from Pinkela and his accuser, and depositions of various government officials. Dkt. 56 at 13–16. This request is denied.

Pinkela does not argue that any of these materials were considered by the Board in coming to its decision. *See Audubon*, 132 F.3d at 14 (review of an "agency decision" is generally "confined to the administrative record compiled by that agency when it made the decision"). In "order to obtain even 'limited discovery,'" Pinkela "must make 'a significant showing—variously described as a strong, substantial, or prima facie showing—that [he] will find material in the agency's possession indicative of bad faith or an incomplete record.'" *Chiayu Chang v. United States Citizenship & Immigr. Servs.*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017) (quoting *Air Transp. Ass'n of Am. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487–88 (D.C. Cir. 2011)); *see also Comprehensive Cmty. Dev. Corp.*, 890 F. Supp. 2d at 312 ("There is a strong presumption against general discovery into administrative proceedings.").

Pinkela argues that he can make the required "strong showing" of bad faith. *Audubon*, 132 F.3d at 14. The Court disagrees. Most of Pinkela's purported bad-faith evidence has to do with his time in the Army and subsequent court-martial, rather than the ABCMR proceedings at issue here. And the Court does not find that the omission of Pinkela's June 2023 submission or the Board's delay in processing his application meet the high bar to justify the extensive discovery he seeks.

For these reasons, Pinkela's motion is GRANTED as to his June 16, 2023 submission but otherwise DENIED. The Clerk of Court is respectfully directed to close Dkt. 54. The parties should meet and confer and, by October 28, 2026, propose deadlines for docketing the AR and filing summary-judgment motions.

SO ORDERED.

Dated: October 14, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge