UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH PINKELA,

Plaintiff,

-against-

PETE HEGSETH, in his official capacity as Secretary of Defense; MARK AVERILL, in his official capacity as Secretary of the Army; and the UNITED STATES DEPARTMENT OF DEFENSE,

Defendants.

24-CV-7853 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

The parties' joint proposed schedule, *see* Dkt. 68, is ADOPTED. The Government should file the administrative record ("AR") and its motion for summary judgment by **December 18, 2026**. Plaintiff should file his opposition and cross-motion for summary judgment by **January 22, 2027**. The Government should file its opposition to Plaintiff's cross-motion and reply in further support of its motion by **February 26, 2027**. And Plaintiff should file his reply brief in further support of his cross motion by **March 19, 2027**.

The government should file the entire AR on the docket but may file it under seal (except for the AR's index and certification, which should be public). While Pinkela argues that the public's right of access militates in favor of filing the entire AR publicly, the government represents that the AR contains sensitive third-party information that would need to be redacted. And because the AR is voluminous (approximately 6,500 pages), applying redactions to the entire AR would be extremely burdensome. The Court finds that this approach appropriately balances the public right of access with the government's burden of redacting such an extensive record. *See Cohen v. Aviles-Ramos*, 2025 WL 3715102, at *4 (S.D.N.Y. Dec. 22, 2025) ("Filing the entire administrative record under seal is narrowly tailored to protect those privacy interests because the record is voluminous and riddled with confidential information. For the same reasons, redacting the record would be unduly burdensome.").

Pinkela will, of course, have access to the full AR. And if a third party makes a motion to unseal all or part of the AR, the Court will take that motion under appropriate consideration. To the extent the parties rely on specific portions of the AR in their summary-judgment briefing, sealing those supporting materials presents a very different calculus. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121–24 (2d Cir. 2006) (holding that materials submitted in connection with summary judgment are subject to a strong presumption of public access under both the common law and the First Amendment).

SO ORDERED.

Dated: November 2, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge